ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CRISTINA ISABEL PARÉS ALICEA, <br><br> Peticionaria, <br><br> v. <br><br> UNIVERSIDAD DE PUERTO RICO; ILKA C. RÍOS REYES, <br><br> Recurrida. | TA2025CE00338 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. <br><br> Caso núm.: SJ2022CV11067. <br><br> Sobre: Ley de Represalia en el Empleo (Ley Núm. 115-1991, según enmendada); Ley Núm. 2 de 17 de octubre de 1961, según enmendada; violación a derechos constitucionales; daños y perjuicios. |

Panel integrado por su presidenta, la jueza Romero García, el juez Monge Gómez y la juez Barresi Ramos[1].

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Esta es la tercera ocasión en que este Tribunal atiende controversias surgidas durante la tramitación del caso civil de la referencia[2]. En esos recursos previos realizamos un examen de las alegaciones de la demanda y del tracto procesal del caso, por lo que entendemos innecesario revisitarlos.

En esta ocasión, la peticionaria, señora Cristina Isabel Parés Alicea (señora Parés), presentó este recurso discrecional de *certiorari* el 22 de agosto de 2025, con el fin de que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 18 de agosto de 2025, notificada en esa misma fecha. Dicha orden trata, en síntesis, de

---

[1] Mediante la Orden Administrativa OATA-2025-165 del 27 de agosto de 2025, se designó a la Hon. Eileen J. Barresi Ramos, en sustitución del Hon. Abelardo Bermúdez Torres, por este último haber dejado de ejercer sus funciones como juez del Tribunal de Apelaciones.

[2] *Véase*, el recurso KLCE2023189 y el recurso KLCE202300217.

la discreción que ostenta el foro primario para regir sus procedimientos; en particular, los mecanismos de descubrimiento de prueba.

En lo particular, la *Orden* del foro *a quo* concedió a la parte recurrida un término adicional para contestar un descubrimiento de prueba cursado por la peticionaria; ello, a pesar de que las partes litigantes habían llegado a unos acuerdos sobre los términos para contestar unos interrogatorios y un requerimiento de admisiones.

Examinada la petición instada por la señora Parés, concluimos que, en primer lugar, esta controversia no es una de las contempladas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V.

En segundo lugar, en este recurso no concurren los criterios contenidos en la Regla 40 de nuestro Reglamento, por lo que no atisbamos razón alguna para intervenir con la amplia discreción que ostenta el foro primario para regir sus procedimientos.

Por tanto, prescindiendo de la posición de la parte recurrida[3], este Tribunal **deniega la expedición del auto de *certiorari*.**

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Ello, conforme a la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". *In re aprobación de Enmiendas al Reglamento del Tribunal de Apelaciones*, Resolución ER-01, 2025 TSPR 42, 215 DPR ___ (2025).